NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATRICIA SCHAEFFER,** | Docket No.: 14-578-WJM-MF |
| **Plaintiff,** | |
| v. | **OPINION** |
| **NEW JERSEY TRANSIT CORPORATION,** | |
| **Defendant.** | |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff, a former NJ Transit employee, brings this action to recover overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FSLA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL"). Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Defendant's counterclaim for lack of subject matter jurisdiction. In the counterclaim, Defendant alleges that, pursuant to the rules in its HR Manual, Defendant overpaid Plaintiff for unused vacation time, sick leave, and education assistance in the amount of $3,019.14. The counterclaim is a state law claim.

Plaintiff argues that the counterclaim must be dismissed for lack of subject matter jurisdiction. Plaintiff claims that the counterclaim is a permissive counterclaim requiring a separate basis for jurisdiction from the original claim. *Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975). Plaintiff concedes that 28 U.S.C § 1367 can form an independent basis for jurisdiction over a permissive counterclaim. However, Plaintiff argues that in this case the court should not exercise supplemental jurisdiction because the evidence required for the parties to prove their respective claims is different. Plaintiff's argument is wholly unconvincing. (Moving Brief at 5-6)

Supplemental jurisdiction is appropriate where a state claim "forms part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). Courts generally find the same case or controversy and exercise supplemental jurisdiction over state claims if state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The Supreme Court explained that supplemental jurisdiction "lies in consideration of judicial economy, convenience and fairness to litigants." *United Mine Workers*, 383 U.S. at 725.

NJ Transit's state law counterclaim derives from the "common nucleus of operative facts" that the Plaintiff's original claim does, namely, her employment and compensation with NJ Transit. Allowing NJ Transit's counterclaim to proceed serves the interests of judicial economy. Simultaneous determination of Plaintiff's claim and Defendant's counterclaim is necessary to calculate the appropriate amount of damages. Moreover, the parties are the same, and many of the same proofs and witnesses are likely required for both Plaintiff's FLSA claim and NJ Transit's counterclaim.

The district court in *Troncone v. Velahos*, 2012 WL 3018061 (D.N.J. July 23, 2012) held that supplemental jurisdiction was proper for certain counterclaims against employees when such claims were for "unearned, fraudulently obtained commissions" related to the employees' employment. 2012 WL 3018061, at *8. There, the court found a sufficient factual relation between the employees' FLSA claim of unpaid commissions and the employer's counterclaim against certain employees for unearned commissions. *Id.* at *8. The *Troncone* court accordingly exercised supplemental jurisdiction over the state law counterclaims.

The case at bar is akin to *Troncone*. Here, like the counterclaims allowed in *Troncone*, the original FLSA claim is to recover underpaid wages, and the employer's counterclaim is to recover overpaid wages. Due to the common nucleus of operative facts and the interest in judicial economy, this court will exercise supplemental jurisdiction and allow NJ Transit to proceed with its counterclaim against Plaintiff.

For these reasons, Plaintiff's motion to dismiss is denied. An appropriate order follows.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 25, 2014**